UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Andrew Cox, | Case No. 4:17-cv-0248 |
| Petitioner | |
| v. | MEMORANDUM OPINION AND ORDER |
| United States of America, | |
| Respondent | |

### BACKGROUND AND HISTORY

*Pro se* Petitioner Andrew Cox filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Elkton Correctional Institution, having been convicted in the District of New Jersey of distribution of child pornography. *See United States v. Cox*, No. 12-3907, 553 Fed. Appx 123 (3d Cir. Jan. 13, 2014). In his Petition, Cox challenges his conviction, and claims the "Suspension Clause," Art. I, sec. 9, cl.2 of the United States Constitution provides authority for him to do so under 28 U.S.C. § 2241. He also attaches the Motion to Vacate under 28 U.S.C. § 2255 which he filed in the United States District Court for the District of New Jersey on January 20, 2016. For the reasons stated below, the Petition is denied, and this action is dismissed with prejudice.

This is Petitioner's fifth Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he asks this Court to vacate his conviction and sentence from the District of New Jersey. In his first Petition, he asked the Court to override the decisions of the District of New Jersey and the

Third Circuit Court of Appeals denying his speedy trial claim. *See Cox v. United States*, No. 4:15 CV 1756 (N.D. Ohio Dec. 23, 2015) (Lioi, J.). United States District Judge Sara Lioi denied the § 2241 Petition stating Petitioner cannot bring a challenge to his conviction under § 2241. Challenges to his conviction can only be made in a Motion to Vacate under 28 U.S.C. § 2255, filed in the sentencing court. That case was dismissed on December 23, 2015.

Petitioner filed a second action on February 3, 2016. *See Cox v, United States*, No. 4:16 CV 261 (N.D. Ohio Apr. 6, 2016) (Boyko, J.). Once again, he challenged his conviction, asserting claims of unconstitutional arrest, Speedy Trial Act violations, malicious prosecution, fraud on the court, denial of the effective assistance of counsel, violation of the attorney client privilege, denial of due process in his plea agreement, sentence beyond the statutory maximum, involuntary guilty plea, and actual innocence. He asked the Court to revisit issues addressed by Judge Lioi, as well as the District of New Jersey and the Third Circuit Court of Appeals and reverse his conviction. He indicated that he was invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for granting this relief under § 2241. Judge Boyko again indicated that Petitioner could not attack his conviction or sentence under § 2241 and dismissed the case.

Undeterred, Petitioner filed two more Petitions under 28 U.S.C. § 2241, one on May 23, 2016 and the other on August 8, 2016. *See Cox v. United States*, No. 4:16 CV 1236 (N.D. Ohio July 1, 2016) (Lioi, J.); *See Cox v. United States*, No. 4:16 CV 1981 (N.D. Ohio Sept. 12, 2016) (Nugent, J.). Both of these Petitions were identical and raised the same claims he asserted in his prior Petitions. He again invoked the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for granting relief under § 2241. Both Petitions were denied on the basis of *res judicata*.

Petitioner has now filed his fifth, identical Petition under § 2241. He asserts the same grounds for relief to challenge the same conviction.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

## DISCUSSION

Petitioner attempts for the fifth time to challenge the legality of his federal conviction and detention under § 2241. His claims have already been resolved against him on the merits. They are barred by the doctrine of claim preclusion, which provides that "a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented." *See Smith v. Reno*, 2 F. App'x 403 (6th Cir. 2001) (affirming dismissal of a *pro se* Petitioner's fourth challenge to a federal detainer under § 2241 on the ground of claim preclusion.)

## CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge